# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 93-00086-01-CR-W-GAF |
| ) | |
| KARL EDWARD NICOLACE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Presently before the Court is Defendant Karl Edward Nicolace's ("Nicolace") Motion to Review Detention Order. (Doc. #103). Defendant requests the Court amend United States Magistrate Judge John T. Maughmer's ("Judge Maughmer") Order that Defendant be detained without the possibility of bail pending the outcome of his final revocation hearing. (Doc. #98). Plaintiff United States of America (the "Government") opposes. (Doc. #104). For the reasons set forth below, Defendant's Motion to Review Detention Order is **DENIED**.

## DISCUSSION

### I. FACTS

The Government accurately recites a majority of the facts of the case as follows:

On January 23, 1995, defendant Nicolace was sentenced in the Western District of Missouri, Case No. 93-00086-01-CR-W-GAF, to 188 months imprisonment for a narcotics crime conviction. (Doc. 54, 80). Upon release from imprisonment, he was ordered to an eight year term of supervised release.

On August 19, 2008, Nicolace's supervised release was transferred back to the Western District of Missouri per case No. 08-00203-01-CR-W-GAF-1, from the Southern District of Illinois. The case was reassigned to District Court Judge Gary A. Fenner. (Doc. 2, 3).

1

On February 5, 2010, a Motion to Revoke Nicolace's supervised release was filed by the government. An arrest warrant was issued by the District Court and Nicolace was arrested and placed in custody on February 9, 2010. (Doc. 96).

A preliminary revocation hearing commenced on February 16, 2010, before [Judge Maughmer]. Following receipt of evidence, the Court found probable cause to set Nicolace's case for a final revocation hearing before the District Court.

(Doc. #104).

The alleged violations giving rise to revocation include: (1) felony sodomy with a child between the ages of 14 and 16; (2) felony indecent liberties with a child between the ages of 14 and 16; (3) felony furnishing alcohol to a child with the intent to encourage or induce the child to participate in criminal sodomy and/or indecent liberties with a minor; (4) hosting an underage alcohol party; and (5) harassment by telephone. (Doc. #104-1). The aforementioned charges are currently pending before the District Court of Johnson County, Kansas. *Id.*

In his Motion, Nicolace claims he is not a flight risk and poses no threat to society should he be granted conditional release. (Doc. #103). In support of these claims, Nicolace generally denies the crimes charged and states that he is currently gainfully employed. *Id.*

## II. LEGAL STANDARD

Under 18 U.S.C. § 3145(b), a person ordered detained by a magistrate judge may file with the court having original jurisdiction over the offense, "a motion for revocation or amendment of the order." When determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court should take into consideration the following:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

2

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person;

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

**III. ANALYSIS**

Given the facts in this case, Judge Maughmer's denial of conditional release must be upheld. The nature and circumstances of the offenses charged weigh heavily in favor of Nicolace's continued detention; the evidence against him on those offenses is substantial; Nicolace has a history of continually engaging in unlawful, dangerous, and harmful conduct; and the alleged offenses strongly suggest that conditionally releasing Nicolace could result in serious danger to other members of society, most specifically children. Further, Nicolace has failed to demonstrate valid or sufficient reason to believe he is not a flight risk or a risk to society generally. For these reasons, Nicolace's Motion is **DENIED**.

## CONCLUSION

Given the facts of this case and the seriousness of the offenses charged against Nicolace, Judge Maughmer's denial of conditional release was proper. Accordingly, Nicolace's Motion to Review Detention Order is **DENIED**.

**IT IS SO ORDERED.**

                                                s/ Gary A. Fenner  
                                                Gary A. Fenner, Judge  
                                                United States District Court

DATED: April 12, 2010